**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHUBB CUSTOM INC. CO.,** ) | Case No. 1:05 CV 1903 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **RPM, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Defendants' Amended Motion to Dismiss or Stay Proceedings (**ECF No. 16**). The Amended Motion is **GRANTED** for the following reason.

**I.**

Numerous lawsuits have been filed across the country against Defendants Dryvit Systems, Inc. ("Dryvit") and Dryvit Systems Canada, Ltd ("Dryvit Canada") alleging property damage and personal injury resulting from the installation of exterior wall cladding products known as Exterior Insulation and Finishing Systems ("EIFS") manufactured by Dryvit and Dryvit Canada. Dryvit, Dryvit Canada and Defendant RPM, Inc. ("RPM") (which acquired Dryvit and Dryvit Canada in 1995) have sought coverage under a number of liability insurance policies, including excess liability policies issued to RPM by Chubb Custom Insurance Co. ("Chubb") and Agricultural Insurance Co. ("Agricultural") in 1995 and 1996 for the defense and indemnification of EIFS claims. Chubb has rejected Agricultural's claim that Agricultural's

1995 policy is exhausted; and Agricultural has refused to defend and indemnify RPM, Dryvit and Dryvit Canada under its 1996 policy.

As a result of this coverage dispute, Chubb filed the instant federal declaratory judgment action against RPM, Dryvit and Dryvit Canada on August 3, 2005, seeking a declaration of Chubb's rights and responsibilities under the Chubb policies. *ECF No. 1*. The complaint asks the Court to declare, among other things, that neither Dryvit nor Dryvit Canada is a named or additional insured under Chubb's 1995 policy; that Dryvit Canada is not a named or additional insured under Chubb's 1996 policy; that, to the extent that the terms of the underlying insurance are not inconsistent with the terms of Chubb's policies, Chubb has no coverage obligation where there would be no coverage under the underlying insurance policy; and Chubb's obligations under both policies have not been triggered because the underlying insurance policy has not been exhausted. *Id*. ¶¶ 15, 16, 22 and 18, respectively.

After Defendants' motion for an extension of time to respond to the complaint was granted, the parties filed four stipulated motions for an extension of time to file a responsive pleading, asserting that the parties were trying to negotiate a settlement of their claims. *See ECF Nos. 8, 10, 11, 12, 13*.

The settlement efforts apparently broke down and, on November 23, 2005, Defendants RPM and Dryvit filed a state court complaint against Chubb, Agricultural and Marsh USA, Inc. ("Marsh").[1] *See ECF No. 16, Ex. A* ("State Court Compl."). Marsh is the insurance agent which brokered Defendants' Chubb and Agricultural policies. The state court complaint

---

[1] The state court case is captioned *RPM, Inc., et al., v. Chubb Custom Ins. Co., et al.*, and was filed in the Common Pleas Court, Cuyahoga County, Ohio under Case No. CV 05 578004.

alleges the following claims:  a claim against Agricultural for breaching Agricultural's 1996 insurance contract (Count One);  a declaratory judgment claim against Agricultural asking the state court to declare that Agricultural is obligated to defend and indemnify Defendants under the 1995 and 1996 policies (Count Two);  a claim against Chubb for breaching Chubb's 1995 policy (Count Three);  declaratory judgment claims against Chubb asking the state court to declare that Chubb is obligated to defend and indemnify Defendants under its 1995 and 1996 policies (Counts Four and Five, respectively);  a claim against Marsh alleging that, to the extent that Chubb and/or Agricultural prevail on their argument that neither Dryvit nor Dryvit Canada is an insured under the various policies, Marsh breached its contractual obligation to procure the promised excess liability coverage (Count Six);  a claim against Marsh alleging that, to the extent Chubb and/or Agricultural prevail on their contention that neither Dryvit nor Dryvit Canada is an insured under their policies, Marsh breached its duty to procure such coverage for RPM's subsidiaries (Count Seven);  a claim against Marsh alleging that, to the extent that Chubb and/or Agricultural prevail on their argument that they have no obligation to pay defense costs or that such costs erode the policy liability limits, Marsh breached its contractual obligation to procure such coverage (Count Eight);  and, a claim against Marsh alleging that, to the extent Chubb and/or Agricultural prevail on their contention that they have no obligation to pay defense costs or that such costs erode the policy liability limits, Marsh breached its duty to procure such coverage (Count Nine).

On November 25, 2005, Defendants RPM and Dryvit filed a Motion to Stay Proceedings in the instant case asking the Court to abstain from adjudicating this case pending

resolution of the state case, and Defendant Dryvit Canada filed a Motion to Dismiss for Lack of Personal Jurisdiction. *ECF Nos. 14, 15, respectively.*

The Court held a telephone conference with counsel on December 6, 2005 to discuss the aforementioned motions. The Court observed that the state and federal cases were not parallel because Dryvit Canada was not a party in the state case. The Court instructed Defendants to determine whether they wished to join Dryvit Canada as a plaintiff in the state case and, if so, to effect that joinder before pursuing any further abstention motion here.

Following that conference, Defendants filed in the state court case a motion for leave to file an amended complaint for the purpose of including Dryvit Canada as a plaintiff.[2] Then Dryvit Canada withdrew its motion to dismiss for lack of personal jurisdiction here, and Defendants filed the pending Amended Motion to Dismiss or Stay Proceedings. *ECF No. 16*. The Court has reviewed the Amended Motion, the opposition brief, *ECF No. 18*, the reply brief, *ECF No. 19*, and is prepared to issue its ruling.

## II.

The parties have addressed the question of abstention under the doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The *Colorado River* doctrine permits federal courts to abstain from hearing duplicative litigation under exceptional circumstances. *United States Fire Ins. Co. v. Albex Aluminum, Inc.*, No. 04-

---

[2]Chubb contends in its opposition brief that the state court case cannot be parallel to this case because Dryvit Canada does not have the capacity to sue under Ohio law. Defendants counter that Dryvit Canada is not a corporation at all but a division of RPM Canada, a Canadian general partnership; and that RPM Canada, the real party in interest being substituted for Dryvit Canada in the state court case, is not subject to Ohio's foreign corporation licensing statutes. The Court notes in passing that Chubb has not filed a sur-reply brief challenging Defendants' argument, which argument appears to have merit.

4426, 2006 WL 41185, at *2 (6th Cir. 2006) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). *Colorado River* abstention is considered "a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Bates v. Van Buren Tp.*, 122 Fed. Appx. 803, 806 (6th Cir. Dec. 6, 2004) (quoting *Colorado River*, 424 U.S. at 818)).

In contrast, the Supreme Court has held, in cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, that a district court's decision to stay or dismiss the federal case during the pendency of a parallel state court proceeding, is governed by the less stringent discretionary standard articulated in *Brillhart v. Excess Inc. Co. of America*, 316 U.S. 491 (1942). *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). Thus, *Brillhart* provides the applicable standard. *Cincinnati Ins. Cos. v. Tennessee Log Homes, Inc.*, No. 1:05CV7, 2005 WL 2429797, at *2 (E.D. Tenn. Sep. 30, 2005). The *Brillhart* Court stated that, although district courts have jurisdiction over federal declaratory judgment actions, they are "under no compulsion to exercise that discretion." *United States Fire Ins. Co.,* 2006 WL 41185, at *2 (quoting *Brillhart*, 316 U.S. at 494). Moreover, where another suit involving the same parties and presenting the same opportunity for adjudication of the same state law issues is pending in state court, a district court might be deemed to indulge in "gratuitous interference" if it permits the federal declaratory judgment action to proceed. *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). A district court's discretion is not unfettered, however. *United States Fire Ins. Co.*, 2006 WL 41185, at *2. The court must consider the following five factors in deciding whether to exercise jurisdiction over a request for declaratory judgment:

    (1)    whether the judgment would settle the controversy;

    (2)    whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

      (3)      whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"

      (4)      whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

      (5)      whether there is an alternative remedy that is better of more effective.

*Id*. (quoting *Grand Trunk Western R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). The Court will undertake a review of the five factors in determining whether to exercise its discretion to adjudicate this case.

      With respect to the first two factors, the Court finds that a judgment in this case will not settle the entire insurance coverage controversy, and will serve no useful purpose. Chubb is seeking a declaration from this Court that, under the terms of its excess liability policies, Chubb has no obligation to defend or indemnify Defendants for the EIFS claims. Chubb contends that any alleged obligation it may have to defend or indemnify Defendants is not triggered until Agricultural has exhausted its policy limits which, Chubb claims, it hasn't. Chubb also alleges that it has no obligation to defend or indemnify any claims against Defendants that Agricultural's policy does not cover. Agricultural disputes its obligation to defend and indemnify Defendants under its excess liability policies. Until the state court determines the scope of Agricultural's obligations under its policies, any ruling this Court issues regarding Chubb's policies will be advisory only. *See, e.g., Sankyo Corp. v. Nakamura Trading Corp.*, 139 Fed. Appx. 648, 650 (6th Cir. Mar. 15, 2005) (holding that federal jurisdiction is limited to actual cases or controversies, and that the case or controversy requirement prevents federal courts from rendering advisory opinions or considering hypothetical questions) (citations

omitted).  Aside from this jurisdictional roadblock, the Court will likely be called on to interpret Agricultural's policies, and it is not inclined to do so when there is a parallel state case in which Agricultural is a party represented by counsel and can defend its policies.  Finally, any ruling this Court makes may be inconsistent with those of the state court, which is best suited to interpret state insurance coverage issues.  Accordingly, it is my conclusion that adjudication of this federal declaratory judgment action will serve no useful purpose.  *Cincinnati Ins. Cos.*, 2005 WL 2429797, at *2 (holding that federal declaratory judgment case serves no useful purpose where it does not fully speak to the issues in the state case).

With respect to the third factor, the Court notes that Chubb filed this case before Defendants filed the state court case.  There is no evidence that Chubb's filing constituted a race to the federal courthouse or was done in bad faith.  However, the various parties were engaged in coverage discussions well before this case was filed, and spent several months after this case was filed trying to negotiate a settlement.  In addition, the state and federal cases are in the same procedural posture since no discovery has taken place in either case.  Under the circumstances, the Court gives little weight to which party filed first.  *Cf. United State Fire Ins. Co.*, 2006 WL 41185, at *3 (holding that district court did not abuse its discretion in finding that "procedural fencing" factor weighed against exercising discretion, even though federal case was filed before the state case, because it observed that it was apparent that the insurer was trying to secure a favorable ruling in federal court rather than take the risk that it would not fare as well in the insured's inevitable state court action).

Concerning the fourth factor, the Court finds that this particular use of a federal declaratory action would increase the friction between federal and state courts.  The Sixth Circuit

recently affirmed a district court's finding that insurance coverage issues brought in a federal declaratory judgment action, when a parallel state court case encompasses those issues, weighs against exercising discretion in the federal case.  *United States Fire Inc. Co. v. Albex Aluminum, Inc.*, No. 04-4426, 2006 WL 41185 (6th Cir. Jan. 6, 2006).

> [T]he issues raised by the federal litigation involve questions of Ohio state law that the state courts are in a better position to address, especially where, as here, those questions "arise in a field which is largely reserved to the states and thus implicates public policy considerations" that form the foundation of state regulation of insurance and the state courts' development of Ohio common law.

*Id*., at *4 (quoting the district court's unpublished opinion).  The Sixth Circuit agreed with the district court's assessment that, in the absence of a showing that the state courts are unable or unwilling to resolve state law contract and insurance coverage issues "in a timely, competent, fair and comprehensive fashion," judicial economy and comity dictate against helping the federal plaintiff avoid the state court's inevitable ruling on whether it must indemnify the federal defendants.  *Id*.; *see also Westfield Ins. Corp. v. Mainstream Capital Corp.*, 366 F.Supp.2d 519 (E.D. Michigan 2005) ("[S]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.") (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990) *abrogated on other grounds by Wilton*, 515 U.S. 277)); *Progressive Cas. Ins. Co. v. Franklin*, No. Civ.A. 1:05CV-65-M, 2005 WL 19355675, at *3 (finding that federal declaratory judgment action involving same insurance issue raised in state court would increase federal/state friction where neither federal common law nor federal statutory law apply to the substantive issues in the case).

-8-

Finally, there is an alternative remedy that is better than this Court's adjudication of this federal declaratory action.  The pending state court case is broader than the federal case and encompasses the coverage issues raised in the federal case.  The state court can resolve all coverage issues vis-a'-vis Chubb and Agricultural, and any subsequent unresolved issues between Defendants and their insurance broker Marsh.  Chubb can raise as defenses to coverage in the state case all the allegations it makes here.  The state court is in a better position to evaluate any factual issues surrounding the excess liability policies since both Agricultural and Chubb are parties to the state case and they both dispute coverage.  Perhaps most important, the state court is in the best position to negotiate a global settlement of this entire controversy because it has all the relevant parties and their counsel before it.  *N. Ins. Co. v. Addison Prod., Inc.*, 148 F.Supp.2d 859, 863 (E.D. Mich. 2001) (observing that the Sixth Circuit generally considers a state court case on indemnification to be an alternative remedy that is better and more effective than a federal declaratory judgment action); *Cincinnati Ins. Cos.*, 2005 WL 2429797, at *4 (holding that the possibility of inconsistent rulings where same coverage issues are raised in state and federal cases makes the state case the better alternative remedy).

For all these reasons, the Court concludes that the five *Brillhart* factors weigh against exercising jurisdiction over this federal declaratory judgment action.

**III.**

Accordingly, Defendants' Amended Motion to Dismiss or Stay Proceedings (**ECF No. 16**) is hereby **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

    */s/Dan Aaron Polster   2/9/2006*
**Dan Aaron Polster**
**United States District Judge**

-9-